

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 4, 1959

Honorable Frank Scofield
Chairman, Livestock
Sanitary Commission of Texas
3320 West 7th Street
Fort Worth 7, Texas

Opinion No. WW-620

Re:  Whether the Chairman
of the Livestock Sani-
tary Commission of
Texas is entitled to
vote on matters before

Dear Mr. Scofield:  the Commission.

This office is in receipt of your recent letter
in which you have asked for the opinion of this office
regarding the Chairman of the Livestock Sanitary Com-
mission being allowed to vote on matters before the
Commission.

Article 7009 establishes the Livestock Sanitary
Commission and provides who shall be members thereof.
We quote the appropriate part of that statute:

> "The Governor shall, within thirty
> days after this Act becomes effective,
> by and with the advice and consent of
> the Senate, appoint six citizens of this
> State as a Livestock Sanitary Commission
> of the State of Texas.  The Governor shall
> designate one such member as a Chairman.
> Each Commissioner shall give bond payable
> to the State of Texas in the sum of Ten
> Thousand Dollars to be approved by the
> Comptroller.  There shall be one Commis-
> sioner from each of the following indus-
> tries, and with the following qualifica-
> tions:  (1) practitioner of veterinary
> medicine; (2) dairyman; (3) practical
> cattle raiser; (4) practical hog raiser;
> (5) sheep or goat raiser; and (6) poultry
> raiser.

> "Insofar as is practicable the Com-
> missioners appointed hereunder shall be
> appointed so as to give proportionate
> representation from the west, from the
> south, from the north, and from the
> eastern portions of Texas; . . ."

The remaining part of this section establishes the tenure
of office of the members of the Commission.

An analogous situation was resolved by Attorney
General's Opinion O-1716, wherein the conclusion was
reached that the County Judge had voting rights on the
Commissioners' Court, the statute being silent on the
subject, as in the instant problem; quoting from that
opinion in part, as follows:

> "It appears from all the authorities
> that we have examined that the county judge
> is an integral part of the commissioners'
> court and in none of the authorities, con-
> stitutional, statutory, or judicial inter-
> pretations is the right of such judge as a
> constituent member of the commissioners'
> court denied nor is his right to vote de-
> nied expressly or impliedly."

It is the opinion of this office that the Chairman
is appointed to and is an intergal part of the Commission
and therefore should be entitled to a vote on matters be-
fore the Commission, as in the case of the County Judge
with respect to the Commissioners' Court.

The Legislature has seen fit to provide that each
of the various segments of the Livestock Industry should
be represented on the Commission, and has indicated their
desire that each of the four sections of the State, West,
South, North, and East, should be proportionately repre-
sented on the Commission.  To disallow the Chairman of the
Commission the privilege of voting on matters before the
Commission would defeat the intention of the Legislature
by denying that segment of the Livestock Industry which
he represents, equal representation on the board as well
as denying that section of the State which he represents,
equal representation on the board.

## SUMMARY

The Chairman of Livestock
Sanitary Commission of
Texas has a right to vote
on matters before the Com-
mission.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John L. Estes
John L. Estes
Assistant

JLE:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Ralph Rash
Jot Hodges, Jr.
John Reeves
Kenneth H. Burns

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert